# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

MICHAEL HARRINGTON,

                                         CASE NUMBER:

      Plaintiff,

v.

AMERICAN LANDMARK LLC. d/b/a
ROBBINS PROPERTY ASSOCIATES

      Defendants.

_____/

## COMPLAINT FOR VIOLATION OF PROVISIONS OF THE FLSA (§207) AND DEMAND FOR JURY TRIAL

Plaintiff, MICHAEL HARRINGTON (hereinafter "Plaintiff" or "Harrington"), by and through his undersigned counsel, herein sues Defendants, AMERICAN LANDMARK LLC., d/b/a ROBBINS PROPERTY ASSOCIATES (the "Defendants") pursuant to 29 U.S.C. §216 of the Fair Labor Standards Act (the "FLSA") and states as follows:

## PRELIMINARY STATEMENT

1.     Plaintiff, MICHAEL HARRINGTON, brings this action for violation of federal wage and hour laws pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, (the "FLSA").  Plaintiff alleges that he is entitled to unpaid overtime wages, as required by 29 U.S.C. § 207.

2.     The Fair Labor Standards Act is our nation's foremost wage law.  The overtime requirements of the FLSA were meant to apply financial pressure to spread employment to avoid the extra wage and to assure workers additional pay to compensate them for the burden of

a work week beyond the hours fixed in the act.  *See In re Novartis Wage & Hour Litig.*, 611 F.3d 141, 150 (2d Cir. N.Y. 2010).   It requires minimum wage and overtime pay for certain non-exempt employees. 29 U.S.C. § 213.

3.      Plaintiff's job as a "Maintenance Technician" was a non-exempt job position under the FLSA when he was employed by Defendants.

4.      Pursuant to policy and plan, Defendants failed to pay Plaintiff at a rate not less than one and one-half his regular rate of pay for all hours worked in excess of forty (40) in a workweek as required by 29 U.S.C. §207(a)(1).

5.      Plaintiff's primary job duties as an employee of Defendants consisted primarily of performing manual labor and general maintenance of the apartment complex..

6.      Throughout Plaintiff's employment with Defendants he was required to work in excess of forty (40) hours per week in order to complete his job duties and responsibilities.

7.      The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proof, or persuasion.   Plaintiff reserves all rights to plead in the alternative.

## PARTIES, JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331, because this action involves a Federal Statute, 29 U.S.C. § 201, *et seq*.

9.      This Court has personal jurisdiction over this action because Defendants operate and/or operated substantial business in Duval County, Florida and the damages at issue occurred in Duval  County, Florida.

10.     Venue is proper to this Court pursuant to 29 U.S.C. § 216(b).

11.     At all times relevant to this action, Plaintiff was an employee of Defendants within the meaning of 29 U.S.C. §203(e)(1).

12.     Defendant, AMERICAN LANDMARK LLC., is a Florida for profit corporation with its principal address located at 4890 W. Kennedy Boulevard, Suite 240, Tampa, FLorida and may be served through its registered agent, Joseph G. Lubeck, at the same address.

13.     At all times material hereto, LANDMARK owns and operates apartments communities throughout the Southeast united States, including but not limited to, The Vue at Baymeadows.

14.     In March 2017, LANDMARK acquired the apartment complex known as Grand Isles at Baymeadows. LANDMARK then changed the complex name to The Vue at Baymeadows.

15.     LANDMARK owned and operated the complex under the name Robbins Property Associates.

16.     The overtime wage provisions set forth in 29 U.S.C. §207 apply to Defendants, as they engage in interstate commerce under the definition of the FLSA and, upon information and belief grossed more than $500,000.00 in operating revenue during each of the last fiscal year.

17.     All conditions precedent to the filing of this action have been performed.

## GENERAL ALLEGATIONS

18.     Plaintiff was employed by Defendants as a "Maintenance Technician" during his employment with Defendants from July 2017 through September 2017..

19.     At all times, Defendants treated Plaintiff as a non-exempt hourly paid employee,

and he was paid $15 per hour.

20.     Harrington's job requirements involved janitorial duties, maintenance duties and light repair work.

21.     Harrington reported to the Property Manager, Latasha Boggan (*sp. ?*)

22.     Harrington's schedule was Monday through Friday 8am through 5pm, and 9am through 6pm on weekends.

23.     In addition, Harrington was expected to be on call after 5pm for emergency maintenance calls.

24.     Harrington routinely worked overtime work hours without federally required overtime compensation.

25.     During Harrington's employment, he routinely worked through his one hour lunch breaks, worked after his shift times, and responded to after-hours emergency maintenance calls.

26.     Defendants were aware that Plaintiff worked through his lunch breaks, after his scheduled shift ended and worked numerous hours responding to emergency maintenance calls.

27.     Defendants expected and encouraged Plaintiff to keep up with his job duties no matter how many hours the job required.

28.     Harrington routinely reported overtime hours on his time sheets, but Defendants failed and/or refused to pay Harrington overtime compensation.

29.     Despite regularly working in excess of 40 hours per week during his employment with Defendants, Plaintiff was never paid an overtime premium at a rate not less than one and one-half his regular rate of pay for all the hours worked in excess of forty (40) in a workweek as

required by 29 U.S.C. §207(a)(1).

30.     Defendants had no reasonable grounds to believe that Plaintiff was not entitled to the overtime pay or that he fell within any of the exemptions to the overtime provisions of the FLSA.

31.     Defendants permitted Plaintiff to suffer the additional work hours Plaintiff put in for their benefit without being paid for all the work hours.

32.     Plaintiff's job positions were subject to the FLSA wage provisions and were non-exempt, hourly paid positions.

### COUNT I
### Failure to Pay Overtime Compensation in Violation of the FLSA
### 29 U.S.C. § 201, *et seq.*

33.     Plaintiff re-adopts and realleges the allegations set forth in paragraphs one (1) through thirty-two (32) as if fully set forth herein.

34.     Plaintiff was an employee of Defendants within the meaning of 29 U.S.C. §203(e)(1).

35.     Defendants were Plaintiff's "employer" within the meaning of 29 U.S.C. §203(d).

36.     The overtime wage provision set forth in FLSA §207 applies to Defendants as they engaged in commerce under the definition of the FLSA.

37.     Throughout Plaintiff's employment with Defendants he was not paid overtime compensation for all hours worked in excess of forty (40) per week.

38.     Defendants compensated Plaintiff as if he was an hourly, non-exempt employee; however, his work duties required him to put in many additional hours.

39.     Defendants failed and/or refused to pay Plaintiff overtime compensation.

40.     Plaintiff did not supervise 2 or more full time employees.

41.     Defendants are, or should have been, aware of the FLSA overtime was requirements, as they paid him a premium for overtime hours at the office.

42.     Defendants knew or should have known that failing to pay Plaintiff for the hours he worked at home was a willful violation of the FLSA.

43.     Therefore, Defendants willfully and intentionally engaged in a pattern and practice of violating the overtime provisions of the FLSA by refusing to pay overtime to Plaintiff for all hours worked in excess of forty (40) per week.

44.     Plaintiff may establish the hours he worked solely by his testimony and the burden of overcoming such testimony shifts to the employer.  *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

45.     As a direct result of Defendants' violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with §207 and §216(b) of the FLSA.

46.     Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

WHEREFORE, Plaintiff, MICHAEL HARRINGTON, demands judgment against Defendants for overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, and reasonable attorneys' fees and costs (pursuant to §216 of the FLSA), and such other and further relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a

trial by jury on all questions of fact raised by this Complaint.

      Dated this December 26, 2018

                 Respectfully submitted by,

                         */s/ Benjamin L. Williams Esq.*
                         Benjamin Lee Williams
                         Florida Bar. No. 0030657
                         **Feldman Williams PLLC**
                         10752 Deerwood Park Blvd
                         Suite #100
                         Jacksonville, FL 322566
                         Telephone: (813) 639-9366
                                Fax: (813) 639-9376
                         Email: ben@feldmanwilliams.com
                         *Attorneys for Plaintiff*